# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 8, 2025

Lyle W. Cayce
Clerk

No. 24-40236

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JUAN ALANIZ,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:23-CR-213-1

_____

Before JONES and GRAVES, *Circuit Judges*, and RODRIGUEZ, *District Judge*.[*]

PER CURIAM:[**]

Juan Alaniz was convicted of possessing a firearm and ammunition as a convicted felon in violation of 18 U.S.C. § 922(g)(1). He appeals on the

_____

[*] United States District Judge for the Southern District of Texas, sitting by designation.

[**] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

grounds that § 922(g)(1) is unconstitutional because it (1) exceeds Congress's authority under the Commerce Clause, (2) facially violates the Second Amendment, and (3) violates the Second Amendment as applied to him. This court rejects Alaniz's first two arguments because they are foreclosed. *United States v. Alcantar*, 733 F.3d 143, 146 (5th Cir. 2013); *United States v. Diaz*, 116 F.4th 458, 471–72 (5th Cir. 2024), *cert. denied*, No. 24-6625, 2025 WL 1727419 (2025). We review Alaniz's as-applied challenge *de novo*. *United States v. Betancourt*, 139 F.4th 480, 482 (5th Cir. 2025).

"The plain text of the Second Amendment covers the conduct prohibited by § 922(g)(1) . . . . The burden thus shifts to the government to demonstrate that regulating [Alaniz's] possession of a firearm is 'consistent with the Nation's historical tradition of firearm regulation.'" *Diaz*, 116 F.4th at 467 (quoting *N.Y. Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 24, 142 S. Ct. 2111, 2130 (2022)). "[T]he challenged regulation" must be "'relevantly similar' to laws our tradition is understood to permit." *United States v. Connelly*, 117 F.4th 269, 274 (5th Cir. 2024) (quoting *United States v. Rahimi*, 602 U.S. 680, 692, 144 S. Ct. 1889, 1898 (2024) (quoting *Bruen*, 597 U.S. at 29, 142 S. Ct. at 2132)). Concretely, the government must establish that "founding era law confirms that our country has a historical tradition of severely punishing individuals convicted of" crimes like those of the defendant. *United States v. Bullock*, 123 F.4th 183, 185 (5th Cir. 2024).

Alaniz has state felony convictions for illegally possessing a controlled substance and burglary. Founding-era burglary laws support the constitutionality of disarming felony burglary convicts under § 922(g)(1). *United States v. Schnur*, 132 F.4th 863, 870–71 (5th Cir. 2025); *see also United States v. Quiroz*, 125 F.4th 713, 724–25 (5th Cir. 2025) (§ 922(n)). Alaniz contends, however, that his burglary conviction is beyond our consideration because his controlled substance conviction was the only explicit predicate underlying his § 922(g)(1) conviction. We recently rejected that argument in

an unpublished case. *United States v. Davis*, No. 24-20258, 2025 WL 958265, at *2 (5th Cir. Mar. 31, 2025). Two other circuits rejected it in published opinions. *Pitsilides v. Barr*, 128 F.4th 203, 211 (3d Cir. 2025); *United States v. Williams*, 113 F.4th 637, 659–60 (6th Cir. 2024).[1] Considering "a defendant's entire criminal record . . . makes sense, given that the government doesn't need to prove the specific predicate felony in securing a conviction under § 922(g)(1) in the first place." *Williams*, 113 F.4th at 660 (citing *Old Chief v. United States*, 519 U.S. 172, 117 S. Ct. 644 (1997)).

For his position, Alaniz cites only *United States v. Contreras*, 125 F.4th 725, 730 (5th Cir. 2025). There, the court stated that the defendant's "criminal history includes three offenses, but the only pertinent offense is a user in possession of a firearm charge; as a felony conviction it is the predicate offense underlying the § 922(g)(1) conviction." *Id.* But "[t]he other two offenses were . . . misdemeanor offenses and not relevant here as they are not predicate offenses." *Id.* n.2. The court's reference to "predicate offenses" only supports Alaniz's argument when taken out of context: Contreras's other convictions were irrelevant not because they were not explicit predicates, but because they were misdemeanors irrelevant to § 922(g)(1).

This court may consider Alaniz's burglary conviction. His as-applied challenge is therefore foreclosed by circuit precedent. *See Schnur*, 132 F.4th at 870–71. We AFFIRM.

––––––––––––––––––––––––––––

[1] Alaniz claims that *Williams* is irrelevant because it places the burden on the defendant "to demonstrate that he is not dangerous" and "le[ft] the question of what information [other than convictions] is relevant for another day." 113 F.4th at 657–58 & n.12. But neither of those distinctions is relevant to the Sixth Circuit's discussion of what convictions ought to be considered.